IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MICHAEL DEWAYNE WHALEY, )<br>       Plaintiff,       )<br>                             )<br>vs.                           )<br>                             )<br>CLERK OF 282 DIST. DALLAS COUNTY, )<br>et al.,                        )<br>       Respondents.      ) | No. 3:21-CV-3149-X-BH<br><br><br><br>Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Based on the relevant filings and applicable law, the *pro se* plaintiff's amended complaint, received on December 15, 2021 (doc. 3), should be **DISMISSED** *sua sponte*.

### I.   BACKGROUND

On December 15, 2021, Michael Dewayne Whaley (Plaintiff), a former inmate in the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID), brought this suit under 42 U.S.C. § 1983 against Pardon-and-Paroles, Criminal Justice Texas Department, and Trial Officials of the 282nd Judicial District Court. (*See* doc. 3 at 3.)[2]

On June 9, 1993, Plaintiff was convicted of aggravated robbery in Cause Nos. F91-45041 and F93-01488, engaging in organized criminal activity in Cause No. F92-36477, and aggravated assault in Cause No. F92-36482, in Dallas County, Texas; he was sentenced to 40 years' imprisonment for the aggravated robbery and engaging in organized criminal activity convictions, and to 10 years' imprisonment for the aggravated assault conviction. *See Whaley v. State*, Nos. 11-93-00127-CR, 11-93-00128-CR, 11-93-00129-CR, 11-93-00130-CR, at nn.1-4 (Tex. App.—

---

[1] By *Special Order No. 3-251*, this *pro se* case has been automatically referred for full case management.

[2] Based on the addresses provided by Plaintiff for each defendant he identified, he is suing the Texas Board of Pardons and Paroles (BPP), the Texas Department of Criminal Justice (TDCJ), and trial officials of the 282nd Judicial District Court of Dallas County, Texas (collectively, Defendants). (*See* doc. 3 at 3.)

Eastland Dec. 9, 1993, no pet.). The judgments were affirmed on appeal. *See id.* at p. 2. His first challenge to those convictions through a federal habeas petition was dismissed as time-barred on October 27, 1999. *See Whaley v. Johnson*, No. 3:97-CV-2760-D, docs. 10-12 (N.D. Tex. Oct. 27, 1999).[3] Plaintiff also attempted to challenge his 1993 convictions in civil actions filed under 42 U.S.C. § 1983. *See Whaley v. Court of Criminal Appeals, et al.*, No. 3:16-CV-3281-C (BH) (N.D. Tex. Sept. 5, 2017); *Whaley v. United States District Court for the Northern District of Texas, et al.,* No. 3:21-cv-01690-E (BT) (N.D. Tex. Sept. 10, 2021).

In this § 1983 lawsuit, Plaintiff now alleges that insufficient evidence was revealed by the certified court reporter on one page of the trial transcript for three of his 1993 convictions. (*See* doc. 3 at 4.) He claims that a state intermediate appellate court "reversed the convictions 30 yrs. later," and that the BPP "reinstated the 10 yrs. probation term which was 'Suspended.'" (*Id.* at 4.) He also alleges that the TDCJ "supported 'Insufficient Exhibits convictions," and that the trial officials of the state trial court harmed him based on "Insufficient Evidence of Convictions[.]" (*Id.* at 3.) He seeks the removal of his alleged term of probation and the "exercise [of] House Bills 498 -and- 1736 House Bills[.]" (*Id.* at 4.) No process has been issued.

## II.  *SUA SPONTE* DISMISSAL

"District courts may, for appropriate reasons, dismiss cases *sua sponte*." *Carver v. Atwood*, 18 F.4th 494, 497 (5th Cir. 2021). Among these reasons is lack of subject-matter jurisdiction. *Id.*

---

[3] Plaintiff filed several subsequent § 2254 petitions challenging his 1993 convictions and sentences that were either dismissed for lack of jurisdiction or transferred to the United States Court of Appeals for the Fifth Circuit (Fifth Circuit) as successive.  *See Whaley v. Dretke*, No. 3:05-CV-2538-M (N.D. Tex. Mar. 27, 2006); *Whaley v. Quarterman*, No. 3:09-CV-548-B (N.D. Tex. Apr. 17, 2009); *Whaley v. Quarterman*, No. 3:09-CV-888-B (N.D. Tex. June 2, 2009); *Whaley v. Court of Criminal Appeals*, No. 3:18-CV-144-C-BH (N.D. Tex. Nov. 20, 2018); *Whaley v. Court of Criminal Appeals*, No. 3:19-CV-2392-C-BH (N.D. Tex. Oct. 9, 2019); *Whaley v. State of Texas*, No. 3:20-CV-2795-C-BH (N.D. Tex. Sept. 8, 2020). The Fifth Circuit denied Plaintiff authorization to file a successive § 2254 petition challenging any of his 1993 state convictions, warned him about filing repetitive or frivolous challenges to his convictions and sentences, and imposed progressive sanctions. *See, e.g.*, *In re Whaley*, No. 11-10180 (5th Cir. Apr. 28, 2011); *In re Whaley*, No. 18-11503 (5th Cir. Jan. 28, 2019); *In re Whaley*, No. 18-10420, (5th Cir. Apr. 26, 2019); *In re Whaley*, No. 19-11121 (5th Cir. Dec. 3, 2019); *In re Whaley*, No. 20-10924 (5th Cir. Oct. 8, 2020).

("And *sua sponte* dismissal is mandatory when a court discovers that it lacks subject-matter jurisdiction."); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

It also is well established that a district court may dismiss a complaint on its own motion under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may granted. *See Carroll v. Fort James Corp.*, 470 F.3d 1171, 1177 (5th Cir. 2006) (citing *Shawnee Int'l, N.V. v. Hondo Drilling Co.*, 742 F.2d 234, 236 (5th Cir. 1984)). The process for doing so must be fair, however. *See Davoodi v. Austin Indep. Sch. Dist.*, 755 F.3d 307, 310 (5th Cir. 2014). This requires notice of the intent to dismiss and an opportunity to respond. *See id.* The recommendation of a United States Magistrate Judge that a case be dismissed *sua sponte* with an opportunity for the plaintiff to object to it satisfies this requirement. *See Alexander v. Trump*, 753 F. App'x 201, 208 (5th Cir. 2018) (citing *Magouirk v. Phillips*, 144 F.3d 348, 359 (5th Cir. 1998)).

Under the 12(b)(6) standard, a court cannot look beyond the pleadings.[4] *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). "[P]ro se complaints are held to less stringent standards than formal pleadings drafted by lawyers." *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981). Regardless of whether the plaintiff is proceeding *pro se* or is represented by counsel, pleadings must show specific, well-pleaded facts, not mere conclusory allegations to avoid dismissal. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). The court must accept those "well-pleaded facts as true and view them in the light most favorable to the plaintiff." *Baker*, 75 F.3d at 196. "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the alleged] facts is improbable, and 'that a recovery is very remote and unlikely.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)

---

[4] In the Rule 12(b)(6) context, pleadings include attachments to the complaint. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).

3

(citation omitted). Although "detailed factual allegations" are not necessary, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555; *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasizing that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."). The alleged facts must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 556 U.S. at 678 (citations omitted). When plaintiffs "have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." *Twombly*, 550 U.S. at 570; *accord Iqbal*, 556 U.S. at 680.

### III.  SECTION 1983

Plaintiff sues under 42 U.S.C. § 1983 for alleged violation of his rights in connection with his 1993 criminal convictions. That statute "provides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). It "afford[s] redress for violations of federal statutes, as well as of constitutional norms." *Id.* To state a claim under § 1983, a plaintiff must allege facts that show (1) he has been deprived of a right secured by the Constitution and the laws of the United States; and (2) the deprivation occurred under color of

state law. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 549 (5th Cir. 2005).

A.  **Habeas Relief**

The primary relief that Plaintiff is seeking through this § 1983 action is release from a term of probation. (*See* doc. 3 at 4.) Release from a sentence or conviction, or habeas relief, is an inappropriate remedy in a § 1983 action, however. *See Wolff v. McDonnell*, 418 U.S. 539, 554 (1974). An individual in custody under a state conviction or sentence may only challenge the fact or duration of his custody within the exclusive scope of habeas corpus. *Clarke v. Stalder*, 154 F.3d 186, 189 (5th Cir. 1998) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 487 (1973)). Plaintiff may only obtain declaratory or monetary relief in this § 1983 action, so he fails to state a claim upon which relief can be granted on his request for release from his alleged sentence of probation, and it should be dismissed with prejudice.[5]

B.  ***Heck* Bar**

To the extent Plaintiff seeks any other type of relief,[6] his claims relating to his 1993 convictions appear to be barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). *Heck* provides that a plaintiff who seeks to recover damages for an allegedly unconstitutional conviction, imprisonment, or other unlawful action that renders a conviction or sentence invalid must first prove that the

---

[5] By *Notice of Deficiency and Order* dated November 18, 2021 in *Whaley v. United States Court of Appeals Fifth Circuit, et al.*, No. 3:21-CV-2859-X-BH (N.D. Tex. Nov. 18, 2021), Plaintiff was notified that the specific relief he was seeking in his original filing could not be determined. (*See* No. 3:21-CV-2859-X-BH, doc. 5.) He was specifically notified that the action could only proceed as a habeas action under § 2254, or as a civil rights action under § 1983, but not both. (*See id.*) He was specifically directed to return only one set of forms for the appropriate type of relief he was seeking. (*See id.*) He returned both sets of forms and paid the filing fees for each type of action. (*See id.*, docs. 7, 8.) This action was opened as a new § 1983 case. (*See* doc. 4.) Because Plaintiff clearly filed this as a § 1983 action, and separately sought relief under § 2254, the complaint is not construed as another petition for a writ of habeas corpus under § 2254.

6 In addition to relief from his probation term, Plaintiffs seeks to "exercise House Bills 498 – and – 1736 House Bills." (doc. 3 at 4.) The precise relief he seeks is unclear.

5

conviction or sentence has been reversed, expunged, invalidated, or otherwise called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254.[7] *Id.* at 486-87. *Heck* applies to claims seeking declaratory and injunctive relief as well as those seeking damages. *Shabazz v. Franklin*, 380 F. Supp. 2d 793, 805 (N.D. Tex. 2005) (accepting recommendation of Mag. J.) (citing *Edwards v. Balisok*, 520 U.S. 641, 648 (1997) and *Clarke*, 154 F.3d at 190-91). Because the issues in this case are appropriate for early and final determination, however, consideration of whether *Heck* bars Plaintiff's claims is not required. *See Patton v. Jefferson Corr. Ctr.*, 136 F.3d 458, 462 n.6 (5th Cir. 1998) (stating that when an action raises an issue of immunity, the court, to the extent it is feasible to do so, should determine that issue as early in the proceedings as possible); *Smithback v. 265th Judicial Dist. Court*, No. 3:01-CV-1658-M, 2002 WL 1268031, at *2 (N.D. Tex. June 3, 2002) (accepting recommendation that "[w]hen a plaintiff seeks relief unavailable under 42 U.S.C. § 1983 or sues individuals or entities who are not proper parties under § 1983, it also seems appropriate to have an early determination of those issues.").

**C.    Eleventh Amendment Immunity**

Plaintiff sues the TDCJ and the BPP, claiming they "supported 'Insufficient Exhibits' convictions," and "Reinstated out of date Probation Term which is 'Suspended,'" respectively. (doc. 3 at 3.)

The Eleventh Amendment states that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S.

---

[7] Plaintiff alleges that his convictions were reversed. (*See* doc. 3 at 4.) None of the available appellate records for the trial case numbers referenced in the complaint show that his convictions were reversed, however; they show that the convictions were affirmed. *Whaley*, Nos. 11-93-00127-CR, 11-93-00128-CR, 11-93-00129-CR, 11-93-00130-CR (Tex. App.—Eastland Dec. 9, 1993); *Whaley v. State*, Nos. 05–13–00077–CR, 05–13–00078–CR, 05–13–00079–CR, 05–13–00080–CR, 2013 WL 309150, at *1 (Tex. App.—Dallas Jan. 25, 2013, no pet.).

CONST. amend. XI. "This withdrawal of jurisdiction effectively confers an immunity from suit." *P.R. Aqueduct and Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993). Therefore, "an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." *Edelman v. Jordan*, 415 U.S. 651, 663 (1974). This immunity applies to both federal and state law claims brought in federal court. *See Raj v. La. State Univ.*, 714 F.3d 322, 328-29 (5th Cir. 2013) (determining that sovereign immunity bars both federal and state law claims brought in federal court); *Roberson v. McShan*, No. 05-20055, 2005 WL 2673516, at *1 (5th Cir. Oct. 20, 2005) (per curiam) (finding that Eleventh Amendment immunity divests federal courts of jurisdiction to hear federal and state law claims).

Although Congress has the power to abrogate that immunity through the Fourteenth Amendment, *Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 72-76 (2000), and the State may waive its immunity by consenting to suit, *AT&T Commc'ns v. BellSouth Telecomms. Inc.*, 238 F.3d 636, 643 (5th Cir. 2001), the State has not waived its immunity by consenting to suit, nor has Congress abrogated the Eleventh Amendment immunity by enacting § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Hines v. Miss. Dep't of Corr.*, No. 00-60143, 2000 WL 1741624, at *3 (5th Cir. Nov. 14, 2000) (per curiam). Additionally, "Congress did not abrogate Eleventh Amendment immunity by granting federal courts supplemental jurisdiction over state law claims in 28 U.S.C. § 1367(a)." *Roberson*, 2005 WL 2673516, at *1 (citing *Raygor v. Regents of Univ. of Minn.*, 534 U.S. 533, 541-42 (2002)).

Eleventh Amendment immunity bars any federal and state law claims against the TDCJ and the BPP. *See, e.g.*, *Thornton v. Merchant*, 342 F. App'x 10, 11 (5th Cir. 2009) (holding that the plaintiff's § 1983 "claims against TDCJ are barred by Eleventh Amendment immunity."); *Waller v. Collier*, 297 F. App'x 326, 327 (5th Cir. 2008) ("The [BPP] is cloaked with Eleventh

Amendment immunity from Section 1983 damages claims."). To the extent that Plaintiff seeks non-habeas relief against the TDCJ and BPP, his claims are subject to dismissal without prejudice under Rule 12(b)(1) for lack of subject matter jurisdiction.[8]

### D. <u>Absolute Immunity</u>

Plaintiff sues unnamed "trial officials" of the 282nd Judicial District Court based on "Insufficient Evidence of Convictions[.]" (doc. 3 at 3.) The caption of the complaint references the clerk and the district attorney of the 282nd Judicial District Court that presided over Plaintiff's criminal cases. (*See id.* at 1.) Therefore, Plaintiff's claim against "trial officials" of the 282nd Judicial District Court is liberally construed to be asserted against the court clerk and the district attorney who prosecuted his convictions.

Individuals who perform judicial functions, including court clerks, "have absolute immunity from actions for damages arising from acts they are specifically required to do under court order or at a judge's discretion." *Clay v. Allen*, 242 F.3d 679, 682 (5th Cir. 2001) (quoting *Tarter v. Hury*, 646 F.2d 1010, 1013 (5th Cir. 1981)); *see also Kastner v. Lawrence*, 390 F. App'x 311, 315 ("Court clerks are immune from actions 'for damages arising from acts they are specifically required to do under court order or at a judge's discretion.'"). The reasoning for such immunity is that "court personnel should not serve as a lightening rod for harassing litigation[.]" *In re Foust*, 310 F.3d 849, 855 (5th Cir. 2002). They "enjoy [ ] only qualified immunity[, however,] for those routine duties not explicitly commanded by a court decree or by the judge's instructions." *Clay*, 242 F.3d at 682.

---

[8] Because Eleventh Amendment immunity has a jurisdictional effect, "the claims barred by sovereign immunity can be dismissed only under Rule 12(b)(1) and not with prejudice." *Warnock v. Pecos Cnty.*, 88 F.3d 341, 343 (5th Cir. 1996); *see also Shah v. Univ. of Tex. Sw. Med. Sch.*, 54 F. Supp. 3d 681, 690 (N.D. Tex. 2014) (dismissing claims that were barred by Eleventh Amendment immunity under Rule 12(b)(1) for lack of subject matter jurisdiction).

8

Prosecutors also enjoy absolute immunity to initiate and pursue criminal prosecutions. *See Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976). They are entitled to absolute immunity for acts taken in prosecuting cases, even against allegations that they acted "maliciously, wantonly, or negligently." *Rykers v. Alford*, 832 F.2d 895, 897 (5th Cir. 1987) (quoting *Morrison v. City of Baton Rouge*, 761 F.2d 242, 248 (5th Cir. 1985)); *Thomas v. State*, 294 F. Supp. 3d 576, 605 (N.D. Tex. 2018). The Supreme Court has recognized that a prosecutor has only qualified immunity with respect to his or her administrative and investigative duties. *Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993).

Here, Plaintiff has not alleged that the court clerk acted other than as required under court order or at the court's discretion, or that the district attorney acted other than in his adjudicative role as a prosecutor. Because the clerk and district attorney are entitled to absolute immunity, and Plaintiff has failed to allege any facts to show otherwise, his claims against them are subject to dismissal with prejudice.[9] *See Hunter v. Rodriguez*, 73 F. App'x 768, 770 (5th Cir. 2003) ("[A] dismissal based on absolute immunity should generally be *with* prejudice.") (citing *Boyd v. Biggers*, 31 F.3d 279, 285 (5th Cir. 1994)).

## IV. SANCTIONS

As noted, Plaintiff has been warned about filing frivolous claims and sanctioned multiple times based on his numerous challenges to his 1993 convictions and sentences. He continues to challenge his 1993 convictions and sentences through § 2254 petitions and § 1983 complaints. Because monetary sanctions in prior cases have been ineffective, Plaintiff should be sanctioned and barred from filing any further challenges to **ANY** of his 1993 convictions and sentences in this

---

[9] To the extent Plaintiff intended to sue any trial officials other than the court clerk or state district attorney, he has not identified any such individuals or alleged any facts regarding their alleged acts or omissions that resulted in harm to him. He therefore fails to state a claim upon which relief may be granted, and the claim is subject to dismissal on this basis.

9

court – whether filed in this court, filed in another court and removed or transferred to this court, or filed as a civil non-habeas action – unless he first (1) pays the entire filing fee, (2) demonstrates that he has satisfied all outstanding monetary sanctions against him, (3) presents proof that he has obtained prior authorization from the Fifth Circuit, **AND** (4) obtains leave of court to file the action from a district judge or magistrate judge through a proper motion for leave to file. Any future submission inconsistent with this bar, either directly or indirectly by removal or transfer, should be docketed for administrative purposes only, and the new case should be closed after docketing a copy of the judgment in this case in that new case.

## V.     RECOMMENDATION

The amended complaint, received on December 15, 2021 (doc. 3), should be **DISMISSED** *sua sponte*. Plaintiff's habeas claims and his claims against "trial officials" of the 282nd Judicial District Court, including the court clerk and the district attorney, should be **DISMISSED** with prejudice under Fed. R. Civ. P. 12(b)(6), and any non-habeas claims against the TDCJ and the BPP should be **DISMISSED** without prejudice under Fed. R. Civ. P. 12(b)(1). Plaintiff should be **SANCTIONED** and **BARRED** from filing any further challenges to his 1993 convictions and sentences.

**SIGNED this 21st day of January, 2022.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

      A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE